UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| A & G COAL CORPORATION ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| v. ) | |
| ) | |
| ELKEM MATERIALS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff A & G Coal Corporation ("A & G"), by and through in-house counsel, hereby file this Complaint against the defendant, Elkem Materials, Inc., (hereinafter, "Elkem") and do allege and state as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. A&G is a Virginia corporation with its principal place of business in Roanoke, Virginia.

2. Elkem Materials, Inc. is a corporation organized in the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

3. This Court has subject matter jurisdiction over this action because it is between citizens and residents of different states and because the amount in controversy, excluding interest and costs, exceeds the sum of $75,000.

4. Elkem is subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from Elkem having conducted business in Virginia at all relevant times including, *inter alia*, entering into the contract at issue herein.

5. Venue is proper in this Court because a substantial portion of the events and omissions giving rise to this action took place in this District.

### COMMON FACTUAL ALLEGATIONS

6. In early 2010, A&G and Elkem Metals, Inc. (an affiliate of Elkem) signed a Supply Agreement whereby A&G would produce mini-stoker Imboden seam coal and Elkem would purchase coal from 2009 through 2012, with Elkem committing to purchase a minimum tonnage each of those three years (hereinafter, the "*2009 Supply Agreement*"). Toward the end of Period 1 or Period 2, as the case may be, the Supply Agreement said the parties would revisit the base price per ton for the upcoming year (e.g., Period 2 or Period 3) and, if no consensus was reached, the *2009 Supply Agreement* would terminate. The *2009 Supply Agreement*'s terms relating to pricing and tonnage were:

> Term: Period 1 – October 1, 2009 to September 30, 2010
> Period 2 – October 1, 2010 to September 30, 2011
> Period 3 – October 1, 2011 to September 30, 2012[1]
>
> Price: Period 1 = $180.0 usd/nt [base price with certain adjustments/allowances]. No later than July 1, 2010 and July 1, 2011, the Parties will begin negotiating a new Base Price for the subsequent 12 month period beginning [October 1, 2010 and October 1, 2011.] If no agreement is reached by [October 1], this agreement will terminate with no liabilities to either party except that [Elkem] will still be responsible to pay for all coal shipped prior to termination.
>
> Quantity:
> Period 1 – 20,000 nt +/- 10% Buyers option
> Period 2 – 30,000 nt +/- 10% Buyers option
> Period 3 – 30,000 nt +/- 10% Buyers option
> Buyer has the option of decreasing its quantity, upon adequate notice, if business conditions reduce its demand for this quality of coal, but in no event to less than 50% of above tonnage. Likewise Buyer has the option of requesting an increase in quantity if agreeable with Seller.

---

[1] Year 3 in the *2009 Supply Agreement* says it begins 10/1/2010 but this is unquestionably a typographical mistake and year 3 was to begin 10/1/2011 (not 2010).

7. On September 27, 2011, a few days before Period 3 was to commence, Elkem indicated it would support a price for year 3 of $300.00 per net ton.

8. On October 25, 2011, Elkem wrote A&G and stated that the *2009 Supply Agreement* terminated on 9/30/2011 "as a result of failure to agree on Period 3 before the expiration date." The October 25, 2011 letter also had enclosed with it a new agreement Elkem included hereinafter referred to as the "*2011 Supply Agreement*," which was similar to the Supply Agreement and contained the following terms relating to pricing and tonnage:

> Term: Period 1 – October 1, 2011 to September 30, 2012
> Period 2 – October 1, 2012 to September 30, 2013
> Period 3 – October 1, 2013 to September 30, 2014
>
> Price: Period 1 = $350.0 usd/nt. No later than July 1, 2012 and July 1, 2013, the Parties will begin negotiating a new Base Price for the subsequent 12 month period beginning [October 1, 2012 and October 1, 2013.] If no agreement is reached by [October 1], this agreement will terminate with no liabilities to either party except that [Elkem] will still be responsible to pay for all coal shipped prior to termination.
>
> Quantity:
> Period 1 – 24,000 nt +/- 10% Buyers option
> Period 2 – 24,000 nt +/- 10% Buyers option
> Period 3 – 24,000 nt +/- 10% Buyers option
> Buyer has the option of decreasing its quantity, upon adequate notice, if business conditions reduce its demand for this quality of coal, but in no event to less than 50% of above tonnage. Likewise Buyer has the option of requesting an increase in quantity if agreeable with Seller.

9. Also on October 25, 2011, A&G invoiced Elkem for 2,009.50 tons at $350.00 per ton, which sum Elkem has since paid.

10. On December 25, 2011, Elkem wrote A&G stating "attached is the revised supply agreement based on the latest changes you indicated you wanted. . . . We are asking our suppliers to help us face [expected challenges during 2012] by giving us some pricing relief. We have seen the spot pricing for coal begin to erode and we are requesting that our coal suppliers

- 3 -

Case 2:13-cv-00045-JPJ-PMS   Document 1   Filed 08/19/13   Page 3 of 6   Pageid#: 3

give us a small price concession . . . let me know if you think you can assist us with the price adjustment and when you are ready to sign the supply agreement." Attached was a revised agreement which contained the exact same price, tonnage and term-periods as did the agreement sent on October 25, 2011, referenced *supra*.

11. On February 29, 2012, A&G invoiced Elkem for coal at $350.00 per ton, which sum Elkem has since paid.

12. On March 15, 2012, A&G invoiced Elkem at $350.00 per ton, which sum Elkem has since paid.

13. On May 7, 2012, Elkem wrote to A&G stating "as discussed, we are ready to proceed with the production of Imboden coal based on the agreed ***revised*** price of $300/nt." (emphasis added). This relates to the purchase of coal by Elkem under the *2011 Supply Agreement*.

14. On June 30, 2012, A&G invoiced Elkem for 500 tons of coal shipped at $300.00 per net ton.

15. From October 1, 2011 through September 30, 2012 (Period 1 of the *2011 Supply Agreement*), Elkem purchased 11,908.30 net tons of coal from A&G. Utilizing the minimum Elkem was required to purchase during this period (that is, the 24,000 n/t reduced to the minimum 90% required) Elkem was required to purchase at least 21,600 tons during Period 1. The difference between these minimum tons (21,600) and tonnage actually purchased (11,908.30) is 9,691.7 tons. At the price of $300.00 per net ton, Elkem would have owed $2,907,510.00 to A&G for coal it should have purchased (9,691.7 tons * $300.00).

16. Elkem never properly tried to reduce the tonnage to no less than 50% of the required tonnage (an option provided within the *2011 Supply Agreement*).

- 4 -

17. In addition, Elkem's wrongful termination of the *2011 Supply Agreement* caused a breach of Elkem's good faith obligation to revisit the price for what would have been period 2 under the *2011 Supply Agreement*. Had the parties engaged in these good faith negotiations, A&G would have agreed to a price that would have arisen from such good faith negotiations and thus triggered the obligation of Elkem to purchase 21,600 tons during period 2 (no less than ½ that amount even if Elkem properly exercised its right to reduce the tonnage requirement).

18. The *2011 Supply Agreement* provides that Virginia law governs.

19. The coal A&G was to produce for Elkem was a specialty coal product designed for Elkem's unique specifications and necessary characteristics, and as such was not suitable for sale to others in the ordinary course of A&G's business. A&G either made a substantial beginning toward that coal's manufacture or commitments for said coal's procurement before receiving notice of repudiation from Elkem.

## COUNT I: BREACH OF CONTRACT (PERIOD 1)

20. Allegations set forth in each paragraph, *supra*, are hereby incorporated by reference and realleged as if set forth in full herein.

21. Elkem has breached the *2011 Supply Agreement* in that Elkem did not purchase the amount of coal it agreed to and was required to purchase for Period 1.

22. A&G has been damaged as a result of this breach.

## COUNT II: BREACH OF CONTRACT (PERIOD 2)

23. Allegations set forth in each paragraph, *supra*, are hereby incorporated by reference and realleged as if set forth in full herein.

24. Elkem breached the *2011 Supply Agreement* in that Elkem did not purchase the amount of coal it would have been required to purchase for Period 2.

25. A&G has been damaged as a result of this breach.

WHEREFORE, plaintiffs pray that they be awarded relief from Elkem Materials, Inc. as follows:

A. On Count I, an award of damages equal to no less than $2,907,510.00;

B. On Count II, an award of damages in an amount to be established based on evidence to be established through discovery and/or trial (but in no event less than $1,620,000.00 which represents ½ the tonnage requirement at $150/nt of coal);

C. Pre-judgment interest and costs (as well as post-judgment interest at the proper time)

D. an award of attorneys fees (based on contractual language and/or a reasonable amount);

E. For such other relief as is deemed just and proper.

**PLAINTIFF REQUEST A TRIAL BY JURY**

Dated: August 16, 2013
Roanoke, Virginia

Respectfully submitted,

_____
Allen W. Dudley, Jr. (Va. State Bar No. 44013)
JAMES C. JUSTICE COMPANIES, INC. and
AFFILIATED ENTITIES
302 South Jefferson Street
Roanoke, Virginia 24011
Telephone: (540) 776-7890
Facsimile: (540) 776-7892
Email: aj.dudley@justicecorporation.com
*attorney for Plaintiff A&G Coal Corporation*