# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| A & G COAL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELKEM MATERIALS, INC., ) <br> ) <br> Defendant. ) | Case No. 2:13CV00045 <br><br> **OPINION AND ORDER** <br><br> By: James P. Jones <br> United States District Judge |

*Allen W. Dudley, Jr., Roanoke, Virginia, for Plaintiff; S. Lloyd Smith, Buchanan Ingersoll & Rooney PC, Alexandria, Virginia, for Defendant.*

The defendant has a filed a Motion to Dismiss Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed and is ripe for decision.[1]

I agree with the defendant that Count II of the Complaint fails to state a claim under Virginia law and ought to be dismissed. *See Beazer Homes Corp. v. VMIF/Anden Southbridge Venture,* 235 F. Supp. 2d 485, 490 (E.D. Va. 2002) (holding that a mere agreement to negotiate a contractual term in the future is unenforceable under Virginia law).

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

I also find that Count I does not sufficiently set forth a cognizable claim. In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The coal purchase contract at issue in this case provided that the "Buyer [defendant] has the option of decreasing its quantity, upon adequate notice, if business conditions reduce its demand for this quality of coal, but in no event less than 50% of above tonnage." (Compl. ¶ 6.) In its Complaint, the plaintiff claims that the defendant "never properly tried to reduce the tonnage to no less than 50% of the required tonnage . . . ." (*Id.* ¶ 16.) On this basis, without more facts, the plaintiff asserts in Count I that the defendant breached the contract. I find this insufficient to meet the pleading requirements prescribed in *Iqbal*. I will, however, allow the plaintiff another opportunity to state a cause of action.[2]

For these reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss Complaint (ECF No. 8) is GRANTED;

---

[2] The defendant also requests the court to preclude the plaintiff from seeking attorneys' fees in connection with the alleged breach of contract claim, as sought in the Complaint's ad damnum clause. Although no specific basis for attorneys' fees has been alleged, it is not necessary for me to resolve this issue at this time. *See Hoffman v. Daimler Trucks N. Am., LLC,* No. 7:12-cv-394, 2013 WL 1563668, at *15 (W.D. Va. Apr. 12, 2013).

2. Count I of the Complaint is DISMISSED WITH LEAVE TO AMEND, provided that an amended complaint is filed within 14 days; and

3. Count II of the Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

ENTER: October 31, 2013

/s/ James P. Jones
United States District Judge