# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| A & G COAL CORPORATION,  )  <br>  ) <br> Plaintiff,  ) | Case No. 2:13CV00045 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| ELKEM MATERIALS, INC.,  ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.  ) | |

*Allen W. Dudley, Jr., and Dustin M. Deane, James C. Justice Companies, Inc. and Affiliates, Roanoke, Virginia, for Plaintiff; S. Lloyd Smith, Buchanan Ingersoll & Rooney PC, Alexandria, Virginia, for Defendant.*

A & G Coal Corporation ("A & G") moves to dismiss the Counterclaim filed by defendant Elkem Materials, Inc. ("Elkem"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth, the motion will be denied.

I

A & G has sued Elkem on an alleged coal purchase agreement, claiming that Elkem failed to take the entire quantity of coal that it had agreed to purchase. The contract in question is referred to by A & G as the "2011 Supply Agreement." Elkem denies in its Answer that the parties ever reached mutual agreement on the material terms of that contract, and in its Counterclaim contends that in any event,

A & G violated both it and an earlier contract, the so-called "2009 Supply Agreement," by disclosing in its Complaint and Amended Complaint confidential pricing information set forth in the contracts, causing Elkem monetary damages.[1]

In support of its Motion to Dismiss the Counterclaim, A & G contends that (1) the disclosures were permitted by the contracts in question; (2) Elkem caused its own harm by submitting the redacted contracts itself as exhibits to its Counterclaim; (3) Elkem waived its Counterclaim by not filing it in response to the initial Complaint; and (4) Elkem cannot deny the existence of the 2011 Supply Agreement and also assert a claim based upon its terms.

The Motion to Dismiss has been fully briefed and is ripe for decision.[2]

II

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on such a motion, the court must regard as

---

[1] A & G did not sue on the 2009 contract, but referred to it in its Complaint and Amended Complaint.

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Grounds two, three, and four of the Motion to Dismiss are easily resolved. It cannot be said on this record that Elkem waived its claim of improper disclosure by disclosing other parts of the contracts; it is the disclosure of specific pricing information that Elkem says caused it injury.[3] Whether its competitors would have been able to ascertain the pricing information from other disclosed portions of the contracts is not apparent from the pleadings.

A party is not required to submit a compulsory counterclaim unless and until it has filed a pleading. Fed. R. Civ. P. 13(a). The initial Complaint filed by A & G was subjected to a Motion to Dismiss by Elkem and following the court's granting of that motion, A & G filed an Amended Complaint. Along with its Answer to the Amended Complaint, Elkem filed the present Counterclaim. Because its Motion to

---

[3]   A & G did not attach the written contracts to its Complaint or Amended Complaint, but did set forth therein the pricing information. Elkem attached the written documents to its Counterclaim, but redacted the pricing information.

Dismiss was not a "pleading" within the meaning of Rule 13(a), the Counterclaim was timely. *See Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993).

The federal rules expressly permit the pleading of inconsistent claims or defenses. Fed. R. Civ. P. 8(d)(3); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1283 (3d ed. 2004 & Supp. 2013). Accordingly, it is not a ground for dismissal that in its pleadings Elkem both denies and embraces the 2011 contract.

### III

The final ground of dismissal asserted by A & G is that the disclosure of the pricing information was not precluded by the written contracts at issue. While more complicated, I found this ground also to be unavailing.

Both written contracts have an identical provision, Section U, entitled "Confidentiality."[4] One paragraph of Section U provides that

> Except for associated companies, the commercial terms of this contract shall be kept confidential by the Parties for the duration of the contract and three years thereafter unless disclosure in compliance with the other provisions of this Section U.

(Countercl. Ex. 1, at 9)

---

[4] Of course, Elkem denies that the 2011 Supply Agreement is a binding contract, although it agrees that there was a written draft of the agreement, which it claims was never ratified.

Earlier paragraphs of Section U relate to the confidentiality of information that a party may have acquired during performance of the contract, including but not limited "to the existence of this Agreement." (*Id.* at 8.) It further provides that such information may not be used "in any case in any way whatsoever by the Party that has received it" (*Id.*) except "insofar as necessary for the performance of this contract." (*Id.*) A & G argues that it was necessary to plead the pricing information in its Complaint and Amended Complaint order to obtain "performance" of the contract through litigation and thus it did not violate its confidentiality obligation. Elkem responds that at the least A & G should have sought to file the confidential information under seal.

Sealing a complaint in a civil case may be appropriate under certain circumstances.[5] The First Amendment and common law rights of public access to court records may be overcome "where disclosure might reveal trade secrets." *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003). The court's task is to determine whether the inclusion of a trade secret "creates a countervailing privacy right that supports sealing in light of the particular facts and circumstances of the case." *Id.* at 486. Moreover, even where sealing of the entire complaint is

---

[5] Indeed, under some limited circumstances, the court may close the courtroom and seal the record in order to protect trade secrets. *See Woven Elecs. Corp. v. Advance Grp., Inc.*, Nos. 89-1580, -1588, 1991 WL 54118 at *3 (4th Cir. Apr. 15, 1991, amended May 6, 1991) (unpublished).

not justified, redaction of the confidential information may be appropriate. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

It is at least plausible that A & G could have sought and obtained an order sealing or redacting its Complaint and Amended Complaint in this case, thus both enforcing its contractual rights and upholding its contractual duty of confidentiality.

While this court's local rules provide a procedure for sealing, W.D. Va. Gen. R. 9, it is not possible at this point in the case to determine whether it is likely that a motion to seal or redact by A & G would have been granted and accordingly insulated Elkem from its claimed damages. Likewise, it is not possible to now determine whether Elkem could have successfully protected against harm by promptly moving to seal A & G's pleadings itself. *See ING Global v. United Parcel Serv. Oasis Supply Corp.*, No. 11 CIVL. 5697 JSR, 2012 WL 4840805, at *6 (S.D.N.Y. Sept. 25, 2012) (denying counterclaim asserting that plaintiff disclosed trade secrets in its pleadings because defendant did not immediately move the court for an order to seal plaintiff's pleadings).

IV

For these reasons, it is **ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 18) is DENIED.

ENTER: February 24, 2014

/s/ James P. Jones
United States District Judge