IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| A & G COAL CORPORATION, )<br>)<br>Plaintiff, )<br>) Civil Action No. 2:13-cv-00045<br>v. )<br>)<br>ELKEM MATERIALS, INC., )<br>)<br>Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO FOURTH AMENDED COMPLAINT

Defendant/Counterclaim Plaintiff Elkem Materials, Inc. ("Elkem"), through its undersigned counsel, hereby submits the below Answer and Affirmative Defenses to A & G Coal Corporation's ("A&G") Fourth Amended Complaint.[1]

## ANSWER TO FOURTH AMENDED COMPLAINT

1. Admitted.

2. Admitted.

3. The allegations of this paragraph constitute conclusions of law to which no response is required. In the event and to the extent a response is required, it is admitted that Elkem and A&G reside in different states, and that this Court has jurisdiction over this matter.

4. The allegations of this paragraph constitute conclusions of law to which no response is required. In the event and to the extent a response is required, it is admitted that Elkem has at certain times conducted business in Virginia and that this Court has jurisdiction

---

[1] Elkem hereby incorporates herein its Amended Counterclaims against A&G which it filed with the Court on August 14, 2014 (Doc. No. 44).

1

over this matter. In further response, Elkem denies that the parties entered into a binding and enforceable "2011 Supply Agreement" as that term is defined in the Fourth Amended Complaint (hereinafter, "2011 Draft Agreement").

5. The allegations of this paragraph constitute conclusions of law to which no response is required. In the event and to the extent a response is required, it is admitted that venue is proper in this Court. In further response, Elkem denies that the parties entered into a binding and enforceable 2011 Draft Agreement.

6. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied.[2]

7. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, it is denied that Elkem and A&G reached agreement regarding the terms of the purchase and sale of coal during period 3 of the 2009 Agreement.

8. The allegations of this paragraph refer to the terms of written documents which speak for themselves. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written documents, such allegations are denied. In further response, the 2011 Draft Agreement is a draft document that was never executed by either A&G or Elkem. In further response, Elkem denies that the 2011 Draft Agreement is binding or enforceable.

---

[2] With respect to the footnote to paragraph 6 in the Fourth Amended Complaint, it is admitted that the parties intended Period 3 to begin on October 1, 2011 in the event that they reached agreement on a price pursuant to Section (L) of the 2009 Supply Agreement (hereinafter, "2009 Agreement"), which they did not.

2

9. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, it is admitted that A&G issued certain invoices to Elkem in 2011 and 2012 and that Elkem issued certain payments in connection with those invoice. However, it is denied that those invoices or payments were issued pursuant to or in connection with the 2011 Draft Agreement, as it is denied that the 2011 Draft Agreement is binding or enforceable.

10. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, it is denied that the proposed hand-written changes were to "non-material" terms of the 2011 Draft Agreement.

11. The allegations of this paragraph refer to the terms of written documents which speak for themselves. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written documents, such allegations are denied.

12. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, Elkem incorporates herein its response to paragraph 9 above.

13. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, Elkem incorporates herein its response to paragraph 9 above.

14. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, it is denied that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement, that the 2011 Draft Agreement is in any manner binding or enforceable, or that the May 7, 2012 letter referred to the supply of coal pursuant to the 2011 Draft Agreement.

15. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, Elkem incorporates herein its response to paragraph 9 above.

16. The allegations of this paragraph are admitted in part and denied in part. It is admitted that Elkem took delivery of and paid for certain coal supplied by A&G in 2011 and 2012. It is denied that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is also denied that Elkem was required to, or in fact did, purchase any coal pursuant to the 2011 Draft Agreement, including the "minimum" tonnage referred to in this paragraph. In further response, prior to filing its Fourth Amended Complaint, A&G had taken the position since filing its original Complaint on August 26, 2013 that Elkem purchased 11,903.30 tons of coal during the period October 1, 2011 through September 30, 2012. (*See, e.g.,* Complaint, at ¶ 15, Doc. No. 1; Third Amended Complaint, at ¶ 20, Doc. No. 67). Based on these previously admitted purchases, even if the 2011 Draft Agreement was binding and enforceable between the parties, Elkem fully satisfied its minimum purchase obligations for Period 1 of this Draft Agreement, and A&G is not entitled to further performance from Elkem

thereunder. Even with A&G's amended claim as to the tonnage allegedly delivered during the period October 1, 2011 through September 30, 2012, Elkem would have purchased all but approximately 500 tons of its minimum purchase obligations for Period 1 of the Draft 2011 Agreement. The remaining allegations of this paragraph are denied.

17. The allegations of this paragraph refer in part to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. The remaining allegations of this paragraph are denied, including A&G's allegation that the 2011 Draft Agreement in any way reflected a "contractual understanding between the parties."

18. It is denied that Elkem was required to purchase any quantity of coal pursuant to the 2011 Draft Agreement, that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement, or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is denied that Elkem had any obligation to notify A&G concerning its projected coal purchases under the 2011 Draft Agreement. In the alternative, even if the 2011 Draft Agreement was binding and enforceable between the parties, Elkem provided A&G with proper notice (including pursuant to written correspondence dated December 30, 2011) that business conditions had reduced its demand for the quality of coal described in the 2011 Draft Agreement. In further response, Elkem incorporates herein its response to Paragraph 16 above.

19. It is denied that Elkem was required to purchase any quantity of coal pursuant to the 2011 Draft Agreement, that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement, or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is denied that Elkem had any obligation to notify A&G concerning its projected coal purchases under the 2011 Draft Agreement. In the alternative, even if the 2011

Draft Agreement was binding and enforceable between the parties, Elkem provided A&G with proper notice (including pursuant to written correspondence dated December 30, 2011) that business conditions had reduced its demand for the quality of coal described in the 2011 Draft Agreement. In further response, Elkem incorporates herein its response to Paragraph 16 above.

20. It is denied that Elkem was required to purchase any quantity of coal pursuant to the 2011 Draft Agreement, that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement, or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is denied that Elkem had any obligation to notify A&G concerning its projected coal purchases under the 2011 Draft Agreement. In the alternative, even if the 2011 Draft Agreement was binding and enforceable between the parties, Elkem provided A&G with proper notice (including pursuant to written correspondence dated December 30, 2011) that business conditions had reduced its demand for the quality of coal described in the 2011 Draft Agreement. At all material times, A&G was fully aware that Elkem would not be purchasing what A&G describes as the "minimum quantity" identified in the 2011 Draft Agreement. In further response, Elkem incorporates herein its response to Paragraph 16 above.

21. The allegations of this paragraph are admitted in part and denied in part. It is admitted that Elkem took delivery of and paid for certain coal supplied by A&G in 2011 and 2012. It is denied that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is also denied that Elkem purchased any coal under the 2011 Draft Agreement, or that it was required to purchase any coal under the 2011 Draft Agreement. The remaining allegations of this paragraph are denied. In further response, Elkem incorporates herein its response to paragraphs 16 and 20 above.

22. The allegations of this paragraph constitute conclusions of law to which no response is required. In the event and to the extent a response is required, the allegations are denied. In further response, Elkem incorporates herein its response to paragraphs 16 and 20 above.

23. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, it is admitted that a section of the 2011 Draft Agreement entitled "GOVERNING LAW" states: "Virginia, without regard to its conflict of laws principles." Elkem incorporates herein its response to paragraph 19 above.

24. Denied.

25. Elkem incorporates by reference each and every paragraph of its Answer and Affirmative Defenses as if set forth herein in their entirety.

26. Denied.

27. Denied.

28. Denied.

29. It is denied that Elkem was required to purchase any quantity of coal pursuant to the 2011 Draft Agreement, that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement, or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is denied that Elkem had any obligation to notify A&G concerning its projected coal purchases under the 2011 Draft Agreement. In the alternative, even if the 2011 Draft Agreement was binding and enforceable between the parties, as set forth in Elkem's response to Paragraph 16 above which is incorporated herein, Elkem fully (or at a minimum,

7

substantially) satisfied its minimum purchase obligations for Period 1 of this Draft Agreement. At all material times, A&G was on notice (including pursuant to correspondence dated December 30, 2011) that Elkem would not be purchasing what A&G describes in its Fourth Amended Complaint as the "minimum quantity" identified in the 2011 Draft Agreement.

30. The allegations of this paragraph are admitted in part and denied in part. It is admitted that Elkem took delivery of and paid for certain coal supplied by A&G in 2011 and 2012. It is denied that the parties ever reached agreement concerning the terms of the 2011 Draft Agreement or that the 2011 Draft Agreement is in any manner binding or enforceable. Accordingly, it is also denied that Elkem purchased any coal under the 2011 Draft Agreement, or that it was required to purchase any coal under the 2011 Draft Agreement. The remaining allegations of this paragraph are denied. In further response, Elkem incorporates herein its response to paragraphs 16 and 20 above.

31. The allegations of this paragraph are admitted in part and denied in part. It is admitted that Elkem took delivery of and paid for certain coal supplied by A&G in 2011 and 2012. It is denied that Elkem was required to purchase the 21,600 tons of coal as alleged in this paragraph. In further response, Elkem incorporates herein its response to paragraphs 16 and 20 above.

32. Denied.

33. Elkem incorporates by reference each and every paragraph of its Answer and Affirmative Defenses as if set forth herein in their entirety.

34. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied.

8

35. Denied.

36. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, at no time did Elkem notify A&G that it was reducing the quantity of coal that A&G was required to supply during Period 2 of the 2009 Agreement. On the contrary, Elkem representatives were in regular contact with A&G representatives during Period 2, and these Elkem representatives requested on numerous occasions that A&G supply Elkem with the maximum tonnage provided for under the 2009 Agreement. A&G, however, was unable and/or unwilling to supply Elkem with more than 16,193.31 tons of coal during Period 2 of the 2009 Agreement.

37. The allegations of this paragraph refer to the terms of a written document which speaks for itself. To the extent that such allegations contradict or are otherwise inconsistent with the terms of said written document, such allegations are denied. In further response, Elkem incorporates herein its response to paragraph 36 above.

38. It is admitted that Elkem did not notify A&G that it would be reducing the amount of coal that A&G was required to supply to Elkem during Period 2 of the 2009 Agreement. In further response, it is denied that Elkem failed to satisfy its purchase obligations under the 2009 Agreement. On the contrary, despite demand, A&G was unable and/or unwilling to supply Elkem with more than 16,193.31 tons of coal during Period 2 of the 2009 Agreement, which is 16,806.69 fewer tons than A&G was required to supply to Elkem during Period 2. Accordingly, and as set forth in Elkem's Amended Counterclaims (Doc. No. 44), A&G substantially and materially breached the 2009 Agreement by failing and refusing to deliver the full quantity of coal required during Period 2 thereof.

9

39. It is admitted that A&G supplied Elkem with only 16,193.31 net tons of coal during Period 2 of the 2009 Agreement. In further response, for the reasons stated in response to paragraph 38 above, which is incorporated herein, it is denied that Elkem failed to satisfy its purchase obligations under the 2009 Agreement.

40. Denied.

**WHEREFORE**, Elkem requests that A&G take nothing by way of the Fourth Amended Complaint, that judgment be granted in favor of Elkem and against A&G, and that the Court award to Elkem such further additional relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Elkem asserts the following affirmative defenses to A&G's Fourth Amended Complaint:

### First Affirmative Defense

A&G's Fourth Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

A&G's claims are barred, in whole or in part, because the "2011 Supply Agreement" as that term is defined in the Fourth Amended Complaint (hereinafter, "2011 Draft Agreement") is neither binding nor enforceable.

### Third Affirmative Defense

A&G's claims are barred, in whole or in part, because the 2011 Draft Agreement is too indefinite to be enforced, and the parties failed to reach agreement upon material terms of such alleged agreement.

10

### Fourth Affirmative Defense

A&G's claims are barred, in whole or in part, because the parties never manifested a mutual intent to be bound by the terms of the 2011 Draft Agreement.

### Fifth Affirmative Defense

A&G's claims are barred, in whole or in part, because A&G failed to perform and/or fulfill conditions precedent under the 2009 Supply Agreement (hereinafter, "2009 Agreement") and 2011 Draft Agreement.

### Sixth Affirmative Defense

A&G's claims are barred, in whole or in part, because A&G did not have the ability to supply Elkem with the quantity and/or quality of coal A&G claims Elkem was required to purchase under the 2009 Agreement and 2011 Draft Agreement.

### Seventh Affirmative Defense

A&G's claims are barred, in whole or in part, because A&G failed to timely supply, offer to supply, or demand that Elkem accept delivery of the quantity and/or quality of coal A&G claims Elkem was required to purchase under the 2009 Agreement and 2011 Draft Agreement.

### Eighth Affirmative Defense

A&G's claims are barred, in whole or in part, because A&G materially breached the terms of the 2009 Agreement by, *inter alia*, (i) despite demand by Elkem, failing to deliver 16,806.69 net tons of coal required thereunder; and (ii) publicly disclosing the quantity, term and pricing information set forth therein when A&G filed its Complaint and first Amended Complaint in this matter.

### Ninth Affirmative Defense

A&G's claims are barred, in whole or in part, because, to the extent Elkem and A&G entered into a binding and enforceable 2011 Draft Agreement, A&G materially breached the terms of the 2011 Draft Agreement by, *inter alia*, publicly disclosing the quantity, term and pricing information set forth therein when A&G filed its Complaint and First Amended Complaint in this matter.

### Tenth Affirmative Defense

A&G's claims are barred, in whole or in part, based upon A&G's prior admissions in this case that, pursuant to Section L of the 2009 Agreement (which provision is also contained in the 2011 Draft Agreement), neither party would be liable for past tonnage shortfalls where no agreement is reached as to price for the subsequent delivery period.

### Eleventh Affirmative Defense

A&G's claims are barred, in whole or in part, by the applicable statute of frauds and/or parol evidence rule.

### Twelfth Affirmative Defense

A&G's claims are barred, in whole or in part, by the doctrine of estoppel.

### Thirteenth Affirmative Defense

A&G's claims are barred, in whole or in part, by the doctrine of waiver.

### Fourteenth Affirmative Defense

A&G's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifteenth Affirmative Defense

A&G's claims are barred, in whole or in part, because A&G has not suffered any legally cognizable damages and/or failed to mitigate its alleged damages.

### Sixteenth Affirmative Defense

A&G's damage claims fail to the extent that they are barred pursuant to the provision in both the 2009 Agreement and 2011 Draft Agreement which precludes the "recovery of consequential, punitive or exemplary damages."

### Seventeenth Affirmative Defense

A&G's claims are barred, in whole or in part, by the terms of the 2011 Draft Agreement, and Elkem's performance thereunder.

### Eighteenth Affirmative Defense

A&G's claims are barred, in whole or in part, under the doctrines of accord and satisfaction.

### Nineteenth Affirmative Defense

A&G's claims are barred, in whole or in part, by the doctrine of ratification.

### Twentieth Affirmative Defense

A&G's claims are barred, in whole or in part, by the doctrines of mutual or unilateral mistake.

**WHEREFORE**, Elkem requests that A&G take nothing by way of the Fourth Amended Complaint, that judgment be granted in favor of Elkem and against A&G, and that the Court award to Elkem any further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 29, 2014    By:  /s/ S. Lloyd Smith
S. Lloyd Smith (Va. I.D. No. 85119)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA  22314-2727
Telephone: 703-836-6620

Matthew F. Burger
Daniel C. Garfinkel
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA  15219
Telephone:  (412) 562-8800

*Counsel for Elkem Materials, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I electronically filed the foregoing **Answer and Affirmative Defenses to Fourth Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to the following:

Dustin Michael Deane, Esquire
James C. Justice Company
302 South Jefferson Street
Roanoke, VA 24011

Terry G. Kilgore, Esquire
P.O. Box 669
Gate City, VA 24251

Kevin W. Holt, Esquire
Gregory D. Habeeb, Esquire
Spencer M. Wiegard, Esquire
Gentry Locke Rakes & Moore, LLP
10 Franklin Road, S.E., Suite 800
P.O. Box 40013
Roanoke, VA 24022

*Counsel for A & G Coal Corporation*

/s/ Lloyd Smith
S. Lloyd Smith (Va. I.D. No. 85119)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Telephone: 703-836-6620
Facsimile: 703-836-2021

*Counsel for Elkem Materials, Inc.*